**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KELLY ZIENCIK, JURY TRIAL DEMANDED

Plaintiff,

v. Case No. 26-2209

THE LINKS AT SPRING CHURCH, INC.,

Defendant.

## COMPLAINT

Plaintiff, Kelly Ziencik, through her undersigned counsel, brings this action against Defendant, The Links at Spring Church, Inc., for age discrimination in the allocation of work hours and the termination of her employment, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("ADEA").

## PARTIES

1. Plaintiff, Kelly Ziencik, is an adult individual who worked for Defendant in Pennsylvania.

2. Defendant, The Links at Spring Church, Inc., is, upon information and belief, a Pennsylvania corporation that operates the golf course and related food-service facilities at 3257 Balsiger Road, Apollo, Pennsylvania 15613. Defendant employed Plaintiff at that location.

3. Susan Cristine ("Cris") Kostiuk managed Plaintiff's work and exercised authority over her scheduling and the termination of her employment. Kostiuk acted on Defendant's behalf and within the scope of her managerial authority in the conduct alleged below.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 626(c).

5. This Court has personal jurisdiction over Defendant because it employed Plaintiff and conducted the employment activities giving rise to this action in Pennsylvania.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District.

## ADMINISTRATIVE PROCEEDINGS

7. On July 27, 2026, Plaintiff timely filed a verified charge of age discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), assigned Charge No. 533-2026-02893. The charge challenged her termination and the allocation of work hours to younger workers.

8. Plaintiff requested that her charge be cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Upon information and belief, the charge was dual-filed with the PHRC on July 27, 2026. More than sixty days have elapsed since commencement of the state administrative proceedings, satisfying 29 U.S.C. § 633(b).

9. On October 2, 2026, the EEOC sent Plaintiff and her counsel an official notice dismissing the charge and notifying Plaintiff of her right to sue. The notice identified the corresponding Determination and Notice of Rights in the EEOC Public Portal.

10. More than sixty days have elapsed since Plaintiff filed her EEOC charge. This action is commenced within ninety days after receipt of the EEOC notice dismissing the charge and advising Plaintiff of her right to sue.

## FACTUAL ALLEGATIONS

11. Plaintiff worked for Defendant over multiple golf seasons before her discharge in May 2026.

12. Plaintiff performed bartending and food-service duties in Brennan's Pub and the Snack Shack.

13. Plaintiff was over forty years old throughout the events alleged in this Complaint, including when Defendant terminated her employment.

14. Plaintiff was qualified for her position and performed her work satisfactorily.

15. Depending on the season and weather, Plaintiff worked Thursday shifts, Monday shifts, weekends, and holidays.

16. Defendant provided schedules inconsistently, sometimes assigning work verbally or through text messages and sometimes requiring Plaintiff to wait to be contacted about a shift.

17. At the end of the preceding season, management thanked Plaintiff for working well with staff, praised her "friendly and efficient service," and expressed its hope that she would return.

18. Management also communicated with Plaintiff about involving her more and scheduling her to work more frequently.

19. Before the 2026 season, Plaintiff repeatedly asked about her schedule and additional shifts or outings so she could plan her availability and avoid scheduling conflicts.

20. Plaintiff wanted more work and communicated that willingness to management. Her requests for scheduling information were ordinary work-related inquiries.

21. At the beginning of the 2026 season, Defendant scheduled Plaintiff for only three shifts, on April 23, April 30, and May 7, totaling approximately 18.5 hours. Plaintiff remained willing and available to work additional shifts.

22. Defendant paid Plaintiff an hourly wage of $10.00, in addition to the tip income she earned from her work.

23. During the opening weeks of the 2026 season, management communicated routine work instructions to Plaintiff, and Plaintiff confirmed her availability. Management also complimented her work.

24. On May 11, 2026, Plaintiff communicated with management about when she would work, including possible upcoming weekend and Memorial Day weekend shifts.

25. During a telephone conversation on May 11, 2026, Kostiuk told Plaintiff that she needed to look for work elsewhere.

26. Plaintiff asked whether she was being fired, and Kostiuk confirmed that she was.

27. During the termination discussion, Kostiuk identified Plaintiff's repeated requests for a schedule as a reason for ending her employment.

28. When Plaintiff questioned why she had not received additional hours, Kostiuk said that management wanted to give those hours to "college kids" because "they need the money more."

29. Kostiuk's statement expressed a preference for younger workers in the allocation of available work hours and was made during the same conversation in which she terminated Plaintiff. Upon information and belief, the college workers favored by Defendant were substantially younger than Plaintiff.

30. Upon information and belief, Defendant assigned available shifts to substantially younger college workers while denying those hours to Plaintiff, despite her willingness and availability to work.

31. Before her termination, Plaintiff had not received a written warning, suspension, performance improvement plan, or notice that her employment was in jeopardy because of the scheduling, register, cleaning, flexibility, or tip-sharing concerns offered to explain her discharge.

32. Plaintiff had previously received a verbal instruction not to discuss customers' reported food poisoning or she would lose her job. That incident did not involve the scheduling, register, cleaning, flexibility, or tip-sharing concerns offered to explain her discharge.

33. During the May 11 call, Kostiuk also criticized Plaintiff concerning cleaning duties, the need for supervision, and closing the register. Plaintiff disputes that those criticisms accurately described her work or justified terminating her employment.

34. On or about May 14, 2026, after Plaintiff challenged the discharge, Defendant provided a written termination letter signed by Kostiuk.

35. The letter attributed the termination to operational needs and performance considerations. It criticized Plaintiff's scheduling requests, use of the master availability calendar, confidence in operating and balancing the cash register, willingness to assist in multiple work areas, and objections concerning tip sharing.

36. Plaintiff disputes the factual premises of those criticisms. She was willing to work, sought additional shifts, and asked for scheduling information so she could make herself available for Defendant's staffing needs.

37. After being away from work during the off-season, Plaintiff asked Kostiuk to check that she had correctly closed a register. Plaintiff was not told that she had closed it incorrectly.

38. Before the May 11 termination call, Defendant had not told Plaintiff that her register work, willingness to assist in other work areas, or tip handling placed her employment in jeopardy.

39. The tip-sharing incident involved Kostiuk, a manager. Plaintiff understood that management should not participate in the employee tip pool and objected to sharing pooled employee tips with Kostiuk on that basis.

40. Defendant also relied on Plaintiff's alleged failure to post her availability on the master scheduling calendar. Plaintiff disputes that this justified her discharge and had communicated her availability and willingness to work directly to management.

41. The statement favoring younger college workers, Plaintiff's satisfactory work and prior praise, her willingness to work additional shifts, the absence of prior discipline for the alleged deficiencies, and the disputed factual premises of Defendant's criticisms support an inference that Defendant's stated reasons were a pretext for age discrimination.

42. Plaintiff's age was a but-for cause of Defendant's denial of available work hours to her and its decision to terminate her employment.

43. As a result of Defendant's discriminatory allocation of work hours and her discharge, Plaintiff lost wages, tips, and employment opportunities and sustained other employment-related economic loss.

## COUNT 1
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

44. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

45. Plaintiff was over forty years old and was protected by the ADEA.

46. Upon information and belief, Defendant engaged in an industry affecting commerce and employed at least twenty employees for each working day in at least twenty calendar weeks during 2025 or 2026, including employees in its golf-course and food-service operations. Defendant was an employer within the meaning of 29 U.S.C. § 630(b).

47. Plaintiff was qualified for her seasonal bartender and food-service position.

48. Defendant denied Plaintiff available work hours in favor of substantially younger workers and discharged her on May 11, 2026. Those decisions adversely affected Plaintiff's compensation and employment.

49. Kostiuk's statement favoring college workers during the termination discussion, the allocation of hours to substantially younger workers, and the surrounding circumstances support an inference of age discrimination.

50. Defendant violated 29 U.S.C. § 623(a)(1) by denying Plaintiff available work hours and discharging her because of her age.

51. Plaintiff's age was a but-for cause of the discriminatory allocation of work hours and her discharge.

52. Upon information and belief, Defendant knew that its conduct violated the ADEA or acted with reckless disregard for whether its conduct violated the ADEA.

53. Defendant's violation was willful within the meaning of 29 U.S.C. § 626(b).

54. Defendant's conduct caused Plaintiff economic loss. Pursuant to 29 U.S.C. § 626(b), Plaintiff seeks back pay, lost tip income and other recoverable employment-related economic loss, reinstatement or front pay in lieu of reinstatement, liquidated damages for a willful violation, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in her favor and against Defendant and the following relief, without duplicative recovery:

1. Back pay, lost tip income, and other recoverable employment-related economic loss;
2. Liquidated damages in an additional amount equal to the back-pay award for Defendant's willful violation of the ADEA;
3. Reinstatement or, if reinstatement is not appropriate, front pay in lieu of reinstatement, together with appropriate equitable relief;
4. Attorneys' fees and costs; and
5. Any other relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and 29 U.S.C. § 626(c)(2), Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

*/s/ David M. Manes*
David M. Manes, Esq.
PA I.D. No. 314661
**SANFORD DEROSE**
**TRIAL LAWYERS, LLP**
810 Penn Avenue, Suite 200
Pittsburgh, PA 15222
Telephone: (412) 593-4001
dmanes@usebulldog.com
Counsel for Plaintiff

**VERIFICATION**

I, Kelly Ziencik, declare under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

Date: 07/10/2026

Kelly Ziencik (Oct 7, 2026 16:58:49 EDT)
Kelly Ziencik

# Complaint of Kelly Ziencik against The Links at Spring Church, Inc.

Final Audit Report 2026-10-07

| | |
|---|---|
| Created: | 2026-10-07 |
| By: | Grace Grace (ggrace@usebulldog.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAIHGGoojpRg1iL8ubs3uIAUzIlIAOJ3w4 |

## "Complaint of Kelly Ziencik against The Links at Spring Church, I nc." History

Document created by Grace Grace (ggrace@usebulldog.com)
2026-10-07 - 4:13:07 PM GMT

Document emailed to Kelly Ziencik (ziencikkelly@yahoo.com) for signature
2026-10-07 - 4:13:11 PM GMT

Email viewed by Kelly Ziencik (ziencikkelly@yahoo.com)
2026-10-07 - 4:15:11 PM GMT

Document e-signed by Kelly Ziencik (ziencikkelly@yahoo.com)
Signature Date: 2026-10-07 - 8:58:49 PM GMT - Time Source: server - Signature Appearance Selected: MOBILE_DRAW

Agreement completed.
2026-10-07 - 8:58:49 PM GMT